IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| SHELLI M. HAMER | * | |
| d/b/a SHELLI HAMER PHOTOGRAPHY, | * | |
|     Debtor | * | |
| | * | |
| HAL HAMER, | * | CASE NO. 1-07-bk-03939MDF |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1-08-ap-00059 |
| | * | |
| SHELLI M. HAMER, | * | |
|     Defendant | * | |

## OPINION

Before me is the motion of Shelli M. Hamer ("Debtor") to dismiss the Complaint filed by Hal Hamer ("Hamer") in the above-captioned adversary case. The bases for the motion to dismiss are that the Complaint fails to state a claim upon which relief can be granted and that it does not conform to the Federal Rules of Civil Procedure. For the reasons that follow, the motion to dismiss will be denied.

On December 11, 2007, Debtor filed the instant bankruptcy case. On February 29, 2008, Hamer, Debtor's estranged husband, sent correspondence to the Court in which he objected to Debtor's bankruptcy discharge. In his correspondence, Hamer averred that Debtor had "engaged in both fraud by deception and perjury" and that she had omitted certain valuable items from her schedule of personal property, including a 1-carat diamond ring with an estimated value of $3,833.94, a 1-carat diamond channel set ring with an estimated value of $999.00, a 1-carat diamond ring with an estimated value of $1,995.00, a silver Tiffany ring of "unknown value," "31 antique cameras of unknown value," and "numerous Longaberger baskets of unknown value."

The Clerk reviewed the correspondence, which Hamer filed without benefit of counsel, and determined that it should be treated as an objection to discharge under the Federal Rules of Bankruptcy Procedure. Accordingly, an adversary case was opened and an Order was issued directing Hamer to pay the requisite filing fee, which was paid on March 14, 2008.

On April 11, 2008, citing Fed. R. Civ. P. 12(b)(6), Debtor moved to dismiss the adversary case, arguing that the above-described allegations "fail[ed] to state facts tending to show that Defendant engaged in conduct that is of the type and severity that should exclude Defendant from discharge pursuant to 11 U.S.C. § 727." (Motion to Dismiss, ¶ 4.) Debtor also argued that the correspondence was inadequate as a complaint under Fed. R. Civ. P. 12(f) because the correspondence did not include: (1) a caption and the title of the action, (2) a statement of jurisdiction, and (3) numbered paragraphs, in violation of Fed. R. Civ. P. 7(a), 8(a) and 10(b), respectively. Debtor filed a brief in support of her motion, but Hamer did not file a response.

The matter is ready for decision.

## Discussion

Fed. R. Civ. P. 12 is made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. 7012. Rule 12(b)(6) provides that a party may file a motion to dismiss a pleading for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). It is well established that the pleadings of a *pro se* litigant must be construed liberally and may be interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). *See also United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *But see Beaudett v. City of Hampton*, 775 F.3d 1274, 1278 (4th Cir. 1985) (in construing *pro se* pleadings, court is not to take on the "role of an advocate

seeking out the strongest arguments and most successful strategies for a party.")  In *Haines*, a District Court granted a motion to dismiss under Fed. R. Civ. P. 12(b)(6) against a *pro se* prisoner's complaint against prison officials.  The U.S. Supreme Court reversed the dismissal on the grounds that it could not "say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* at 520-21 (citations omitted.)  The Court found the allegations asserted by the petition, "however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence."  *Id.* at 520.

In the case before me, one of the allegations of Hamer's letter is that Debtor failed to disclose on her schedules several valuable pieces of jewelry and collectibles.  The failure to disclose assets may form the basis for the denial of a debtor's discharge under 11 U.S.C. § 727(a)(2), (4)(A) or (5).[1]  As Debtor's estranged husband, Hamer is in a position to know about

---

[1] These provisions state:

**(a)** The court shall grant the debtor a discharge, unless–
***
    **(2)** the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–
        **(A)** property of the debtor, within one year before the date of the filing of the petition; or
        **(B)** property of the estate, after the date of the filing of the petition;
****
    **(4)** the debtor knowingly and fraudulently, in or in connection with the case--
        **(A)** made a false oath or account;

****
    **(5)** the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the

the existence of such items. These allegations cannot be dismissed out of hand simply because they are framed within an inartful pleading. The contents of the letter are sufficient to withstand a motion to dismiss. Therefore, the Court will provide Hamer with the opportunity to offer evidence supporting these allegations. The motion to dismiss will be denied insofar as it seeks to preclude Hamer from presenting evidence that Debtor has transferred or concealed assets of the estate, has falsely reported her assets on her schedules or has failed to explain satisfactorily the loss of any assets.[2]

Likewise, Debtor's argument that Hamer's complaint should be dismissed under Fed. R. Civ. P. 12(f) because the pleading fails to conform to Fed. R. Civ. P. 7(a), 8(a), and 10(b) does not support dismissal of the complaint. Fed. R. Civ. P. 8(a)(2) requires a plaintiff to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)(citations omitted). The requirements for numbered paragraphs, a statement of jurisdiction or a caption are not intended to be procedural hoops through which *pro se* litigants must jump before they can enter the courthouse. *See In re Pagan*,

---

debtor's liabilities.

11 U.S.C.A. § 727(a)(2)(A), (4), (5).

[2] Not all of Hamer's allegations, if proven, would support denial of Debtor's discharge. In his letter, Hamer takes issue with Debtor's statement on her schedules that nine listed claims are "possible business debt." He asserts that "[y]ou either owe someone money or you don't." This assertion does not provide any grounds for denial of discharge under 11 U.S.C. § 727. The bankruptcy statute clearly allows a debtor to list as a claim any "right to payment, whether or not such right is . . . contingent, matured, unmatured, disputed [or] undisputed." 11 U.S.C. § 101(5). Hamer also objects to Debtor's inclusion of three (3) judgment debts in schedule "F" that he states she never "attempt[ed] to resolve." Again, this assertion does not provide grounds for denial of discharge under 11 U.S.C. § 727 because a debtor is not obligated to attempt to "resolve" a debt before filing a bankruptcy petition. Thus, these allegations are irrelevant to a determination of Debtor's entitlement to a discharge.

4

282 B.R. 735 (Bankr. D. Mass. 2002) (pro se litigant's pleading, though technically deficient, contained substantive allegations sufficient to put debtor on notice that litigant sought to object to his discharge).

For these reasons, I conclude that Hamer's letter is sufficient to make out a complaint objecting to Debtor's discharge under 11 U.S.C. § 727(a)(2), (4) or (5). An appropriate order will be entered.

By the Court,

*Mary D. France*
Bankruptcy Judge

Date: August 22, 2008

*This document is electronically signed and filed on the same date.*